Cheshire,
No. 4808.

CHARLES L. STRATTON, JR. *v.* JAFFREY.

Argued May 3, 1960.

Decided June 27, 1960.

*Faulkner, Plaut & Hanna* (*Mr. Hanna* orally), for the plaintiff.

*Walter H. Gentsch* and *William D. Tribble* (*Mr. Tribble* orally), for the defendant.

DUNCAN, J. The plaintiff is the owner of an apartment house situated upon land in Jaffrey, which is bounded on the north by land of the school district upon which the high school is located. Prior to the taking, access to the plaintiff's land from the highway on the west was by means of a private driveway along a strip of his land between the school lot and land of Leonard Merrill which bounded the plaintiff's land on the south and west, separating it from the highway. The year before the taking Merrill sold to the school district a fifty-five foot strip along the southerly side of the plaintiff's driveway.

The land where the plaintiff's driveway was located was forty-nine and a half feet wide, and slightly over two hundred feet long. It was taken by the defendant in 1954 for a public highway.

The plaintiff testified that his property had a fair market value of $30,000 before the taking, and of $25,000 after. Another witness testified that it had a value of $25,000 before the taking. There was evidence that it had been listed for sale in 1954 at a price of $35,000. An expert witness called by the plaintiff was of the opinion that the damages occasioned by the taking amounted to $2,000. The same witness however testified that upon a basis of capitalized income, the difference in value before and after the taking would be $5,700. The plaintiff introduced evidence that the sale by Merrill to the school district was at a price of $1,350, and that Merrill "felt it was worth more."

The testimony of the defendant's witnesses tended to show that the plaintiff's damages did not exceed $1,000, and one of them gave the opinion that the property was more valuable by $500 after the taking. Both of the defendant's experts valued the property in the range of $17,000 to $18,500 before and after taking, and the plaintiff's witness who had had the property listed for $35,000 testified that in his opinion it had a value of $19,000 before the taking.

There was evidence that a stone wall and several shade trees along the line between the plaintiff's driveway and the school lot were removed in the establishment of the public highway, thus affecting the privacy of the plaintiff's land. One of the plaintiff's witnesses attributed a specific loss of $725 to removal of the trees and the wall; and upon the basis of the comparative areas of the land sold by Merrill and of the land taken by the defendant it could be found that the latter strip had a land value of $1,744.

Considering the record in its entirety, it cannot be said as a matter of law that the verdict of $3,900 was unwarranted by the evidence, or that the Trial Court erred in denying the motion to set the verdict aside upon the ground that it was against the weight of the evidence. *Wisutskie* v. *Malouin*, 88 N. H. 242, 246; *Condiles* v. *Waumbec Mills*, 95 N. H. 127. The jury was entitled to give such weight as it thought proper to the testimony of the plaintiff which was received without objection, as well as to the testimony of the other witnesses. The fact that no expert witness gave as his final opinion on damages a figure exceeding $2,000 did not preclude a finding by the jury, based upon other figures in evidence that the damages were as much as $3,900. Other grounds advanced by the motion to set aside the verdict are disposed of by the findings implied in the Trial Court's denial of it. The record contains nothing which would require as a matter of law that these findings be set aside. The exception to denial of the motion is accordingly overruled.

The exception to the denial of the motion for leave to interrogate the jury presents no issue for this court, since the record supports the finding by the Trial Court that the reasons advanced sought to bring in issue qualifications of the jurors which were not questioned when they were drawn. As to the motion that the jurors be polled, the record shows that when the verdict was returned the Trial Court took measures to ascertain that it had been correctly reported. Hence denial of the motion that the jurors be polled upon this score was properly denied in the Court's discretion.

The defendant urges that evidence concerning the use of the new highway by members of the public attending school functions was erroneously received and that its motion to strike the evidence was erroneously denied. "The law has long been settled in this jurisdiction that in eminent domain proceedings the owner of land condemned is entitled to damages for the taking measured by the difference between the value of his land after the taking, and what

it would have been worth on the day of the taking if the taking had not occurred." *Edgcomb Steel Co.* v. *State,* 100 N. H. 480, 486, 487. However when, as in this case, the damages were assessed after the work was completed it was proper to admit evidence of how the use of the new highway affected plaintiff's remaining property as an aid to the jury in determining the value of the residue after the taking. *Wright* v. *Company,* 75 N. H. 3, 6; *Dearborn* v. *The Boston, Concord & Montreal Railroad,* 24 N. H. 179, 188. See also, 5 Nichols, Eminent Domain (3d *ed.* 1952) *s.* 23.4, *p.* 352; *Edgcomb Steel Co.* v. *State, supra,* 487, 488. The jury was properly instructed that it might consider factors "influencing what a fair market value would be" but that the plaintiff was not entitled to damages "for any inconvenience or annoyances he may be suffering especially because there is a high school there." Since the evidence was admissible, the exceptions relating thereto are overruled.

*Judgment on the verdict.*

All concurred.